USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1202 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. THE ONE-SIXTH SHARE OF JAMES J. BULGER IN ALL PRESENT AND FUTURE PROCEEDS OF MASS MILLIONS LOTTERY TICKET NO. M246233, REGISTERED IN THE NAME OF MICHAEL LINSKEY, Defendant, Appellee. ____________________ JEAN HOLLAND, Claimant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Martin S. Cosgrove, with whom Cosgrove, Eisenberg & Kiley, ___________________ _____________________________ P.C. was on brief, for appellant. ____ Richard L. Hoffman, Assistant United States Attorney, with __________________ whom Donald K. Stern, United States Attorney, was on brief, for _______________ the United States. ____________________ November 13, 1996 ____________________ Per Curiam. On this record, the putative claimant, Per Curiam. ___________ appellant here, lacks standing to file a claim or object to the forfeiture. Consequently, the district court did not err in granting the government's motion to dismiss her claim. The appellant's request for a stay pending the determination of her appeal from the denial of her application to be appointed as receiver for James J. Bulger, now pending in the Massachusetts Appeals Court, is denied, as she never timely requested such a stay in the district court. Should the appellant eventually succeed in securing an appointment as receiver, she may move in the district court under Fed. R. Civ. P. 60(b) for appropriate relief from the federal judgment. We need go no further. The judgment is Affirmed. See 1st Cir. R. 27.1. ________ 2